# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JEFFREY CROUSE,**
**Claimant Below, Petitioner**

**FILED**

November 15, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-1078** (BOR Appeal No. 2052791)
                    (Claim No. 2016009432)

**SUDDENLINK COMMUNICATIONS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeffrey Crouse, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Suddenlink Communications, by Counsel Steven K. Wellman, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted no permanent partial disability award on August 24, 2016. The Office of Judges affirmed the decision in its March 18, 2018, Order. The Order was affirmed by the Board of Review on October 22, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Crouse, a sales representative, was injured in the course of his employment on September 29, 2015. The Employees' and Physicians' Report of Injury indicates he injured his wrist, shoulder, and back when he slipped and fell while walking down the steps of a customer's home. The physician's section listed the diagnoses as abrasions to the wrist, shoulder, and ribs. The claims administrator approved the claim for injury of the chest wall, wrist injury, and shoulder/arm abrasion on October 16, 2015.

Joseph Grady, M.D., performed an independent medical evaluation on August 2, 2016, in which he diagnosed resolved chest wall sprain. He found no lumbar or thoracic radiculopathy and

1

noted that Mr. Crouse had some degenerative changes in those areas. Dr. Grady found a causal connection between the compensable injury and the diagnosis of chest wall sprain. He opined that Mr. Crouse's current symptoms are not related to the lumbar disc herniation seen on MRI. He did not report symptoms in the area of the herniation and instead stated that he had pain in his thoracic spine. Dr. Grady stated that no further medical treatment was needed for the compensable injury, and Mr. Crouse had reached maximum medical improvement. He assessed 0% impairment. The claims administrator granted no permanent partial disability award on August 24, 2016.

Mr. Crouse testified in a May 15, 2017, deposition that on the day of his injury, he was walking down some wet wooden steps when he slipped and fell. He landed on his back and shoulder and his wrist hit the handrail. He stated that he had a prior upper back injury that occurred in a 1997 car accident. His current complaints are pain in his thoracic spine, lumbar spine, ribs, right hip, and left leg.

Robert Walker, M.D., completed an independent medical evaluation on August 24, 2017, in which he assessed 0% impairment for the left wrist. For the left shoulder, he found 4% impairment. Dr. Walker evaluated the chest wall injury by thoracic spine range of motion. He found that Mr. Crouse had 3% impairment based on range of motion measurements. He placed Mr. Crouse in Thoracic Category II from West Virginia Code of State Rules § 85-20 and adjusted the rating to 5%. His total impairment recommendation was 9%. In an October 13, 2017, addendum, Dr. Walker stated that his report contained an error. He actually examined and rated the right wrist, not the left.

On January 14, 2018, Marsha Bailey, M.D., performed an independent medical evaluation in which she diagnosed resolved left shoulder contusion/abrasion, resolved right wrist abrasion, and resolved left rib contusions. Dr. Bailey found no evidence of thoracic or lumbar radiculopathy. She opined that Mr. Crouse's thoracic and lumbar spine pain were chronic and unrelated to the compensable injury. Further, his complaints of thoracic radiculopathy were not supported by the MRI. Dr. Bailey concluded that Mr. Crouse had 0% impairment as a result of the compensable injury. Dr. Bailey noted that Mr. Crouse reported no right wrist problems at the evaluation by Dr. Grady. During Dr. Bailey's evaluation, he denied any wrist or neck pain attributable to the compensable injury. He attributed any wrist pain to his history of tenosynovitis. Mr. Crouse also reported nothing more than an occasional ache in his shoulder. Dr. Bailey found that Dr. Walker's account of the mechanism of injury was incorrect. She noted that he failed to explain why his right shoulder range of motion measurements were lower than his left shoulder measurements given that the right shoulder was uninjured. Dr. Bailey also found that Dr. Walker's finding of 5% thoracic impairment, which he attributed to the chest wall contusion, was difficult to follow. Dr. Bailey determined that Mr. Crouse's complaints greatly outweighed the objective findings.

The Office of Judges affirmed the claims administrator's decision granting a 0% permanent partial disability award on March 13, 2018. It found that Dr. Walker's evaluation was invalid. First, it was unclear how he used the thoracic spine evaluation to find impairment for the chest wall injury, and his chest rating was not in accordance with the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Second, Dr. Walker failed to explain why Mr. Crouse's uninjured shoulder range of motion measurements were lower than the

injured left shoulder measurements. Finally, Dr. Walker's findings of wrist and shoulder impairment were inconsistent with Mr. Crouse's reported symptoms and the findings of Drs. Bailey and Grady, who each found 0% impairment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 22, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Dr. Walker's report was unreliable and the Board of Review made no error in affirming the finding of 0% impairment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 15, 2019**


**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison